ANTOON, J.,
concurring.
Brian Keith Battle appeals his conviction for first-degree premeditated murder on grounds that the trial court 1) abused its discretion in admitting into evidence autopsy photographs, 2) incorrectly denied his motion for judgment of acquittal on grounds that there was insufficient evidence of premeditation, and 3) improperly instructed the jury. I concur with the majority that none of these contentions possesses merit.
The victim was killed by a gunshot wound to the head. The trial court admitted into evidence five photographs of the victim’s autopsy, four of which were published to the *1013 jury. Two of these photographs depicted the victim’s scalp as was reflected during a part of the autopsy procedure. Mr. Battle contends that the trial court abused its discretion in admitting these photographs over his objections because they were unduly prejudicial. I disagree. All of the photographs were relevant and used by the medical examiner in her testimony regarding the cause of the victim’s death. Accordingly, the trial court did not abuse its discretion in admitting the photographs. See Pope v. State, 679 So.2d 710, 713-14 (Fla.1996), cert. denied, 519 U.S. 1123, 117 S.Ct. 975, 136 L.Ed.2d 858 (1997).
Mr. Battle also argues that the trial erred in denying his motion for judgment of acquittal, asserting that the state did not prove the element of premeditation. I again disagree. The record reflects that the evidence viewed in a light most favorable to the state required the trial court to allow the case to go to the jury. As in most murder eases, here the state’s evidence of premeditation was circumstantial. Whether this circumstantial evidence established a premeditated design to Mil was a question of fact for the jury to resolve. See Penn v. State, 574 So.2d 1079, 1081 (Fla.1991). The trial court appropriately so decided.
Finally, Mr. Battle argues that the jury was not properly instructed. He complains that the jury was incorrectly instructed on felony murder as a part of the standard jury instructions. Additionally, he argues that the trial court should have issued the optional instruction contained in paragraph 6 under standard instruction 2.04, relating to the weighing of evidence.[1] However, neither of these issues was preserved for appeal by contemporaneous objection. See Jackson v. State, 522 So.2d 802, 809 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 153 (1988); see also Fla.R.Crim.P. 3.390(d). My review of the record indicates that Mr. Battle agreed that the felony murder instruction should be given. He was provided a copy of the proposed instructions and accepted them subject to his prior objections. There was no prior objection to this instruction. As to standard jury instruction 2.04, defense counsel specifically agreed to the proposed instruction which deleted subparagraph 6. Moreover, there was no evidence to support the optional portion of the instruction. As the commentary to instruction 2.04 states: “The instructions covered under paragraphs numbered six through ten, inclusive, are not common to all cases. These numbered paragraphs should be included only as required by the evidence.” Fla.Std. Jury Instr. (Crim.) 2.04. For these reasons, I agree with the majority’s decision to affirm.

. The instruction reads as follows:
You should consider how the witnesses acted, as well as what they said. Some things you should consider are:
* *****
6. Has the witness been offered or received any money, preferred treatment or other benefit in order to get the witness to testify?
Fla.Std. Jury Instr. (Crim.) 2.04.